UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 20-60** |
| **GARY R. GIBBS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Pro Se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 82). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On August 26, 2020, Defendant Gary Gibbs appeared before this Court and pleaded guilty to one count of conspiracy to commit bank fraud.[1] On October 4, 2023, Defendant was sentenced to 36 months' imprisonment and ordered to surrender on or before noon on January 2, 2024.[2] Then, on December 19, 2023, Defendant filed a *pro se* motion to continue his surrender date in light of a change in circumstances related to his wife's healthcare.[3] The Government opposed this Motion.[4] Upon consideration of the pleadings and arguments set

---

[1] Docs. 1 & 16.
[2] Doc. 71.
[3] Doc. 74.
[4] Doc. 78.

1

forth therein, this Court granted Defendant's motion in part, thereby extending his surrender date for thirty days or until February 1, 2024 (Doc. 79). On January 26, 2024, the Court granted Defendant's second *pro se* motion to continue his surrender date to April 15, 2024.[5] Now before the Court is Defendant Gary R. Gibbs's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## LAW AND ANALYSIS

A district court may not modify a term of imprisonment once it has been imposed, except for the limited situations listed in 18 U.S.C. § 3582(c).[6] For example, a court may modify a term of imprisonment for "extraordinary and compelling reasons which warrant such a reduction" or as permitted by Rule 35 of the Federal Rules of Criminal Procedure.[7] In is Motion to Reduce Sentence, Defendant argues that extraordinary and compelling reasons warrant a reduction "based on the deteriorating health of his wife."[8]

"[B]y its plain terms, [§ 3582(c)] applies only to those defendants who have begun serving their term of imprisonment at a [Bureau of Prisons] facility."[9] Accordingly, the Court finds that Defendant's Motion is premature. Defendant effectively seeks a re-sentencing because he asks this Court to modify his sentence before reporting to the Bureau of Prisons.[10] Because Defendant does not otherwise qualify for any exception to the general

---

[5] Doc. 81.
[6] *See* 18 U.S.C. § 3582(c).
[7] *Id.* § 3582(c)(1).
[8] Doc. 82 at 1.
[9] United States v. Konny, 463 F. Supp. 3d 402, 404–05 (S.D.N.Y. 2000).
[10] *See* United States v. Spruill, No. 3:18-cr-0022-10(VLB), 2020 WL 2113621, at *3 (D. Conn. May 4, 2020).

prohibition against resentencing contained in 18 U.S.C. § 3582(c), his Motion for Reduction of Sentence must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence is **DENIED**. **IT IS FURTHER ORDERED** that the defendant is ordered to surrender to the designated institution on or before **NOON** on **MONDAY, APRIL 15, 2024**.

New Orleans, Louisiana this 10th day of April, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**